UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAWOLEI CHEA,

    Plaintiff,

  v.

BEST BUY STORES, L.P.,

    Defendant.

Case No. 14-cv-00020-HSG

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 25

## I. INTRODUCTION

On October 24, 2014, Defendant Best Buy served its first set of interrogatories and second set of document requests on Plaintiff Jawolei Chea. The deadline to respond to this discovery was November 26, 2014. Chea served her responses on December 22, 2014.

On February 23, 2015, the parties filed a joint letter brief describing their discovery dispute over Chea's late service of her responses and the adequacy of those responses. For the reasons set forth below, the Court finds that Chea has waived her objections to Best Buy's discovery requests, except for 1) objections as to privilege and work product protection, and 2) any other objections to Interrogatory 9. The Court further orders Chea to remove all waived objections from and fully respond to Best Buy's first set of interrogatories and second set of document requests within five days of the date of this Order.

## II. DISCUSSION

### A. Waiver of Objections

Failure to object to Rule 33 or Rule 34 discovery requests within the time required generally results in the waiver of any objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). However, the Court retains discretion to excuse a late-responding party from waiver "for good cause." Fed. R. Civ. P. 33(b)(4).

Chea has not made any showing of good cause warranting an exception to the waiver rule. It is undisputed that Chea served her responses to Best Buy's first set of interrogatories and second set of document requests nearly a month after the response deadline had passed. Furthermore, Chea never sought an extension to the deadline. Chea's argument that the associate "responsible for the discovery responses" left on December 15, 2014 is not persuasive. Not only did the associate's departure occur after the deadline for responding to Best Buy's discovery, it also is no excuse for failing to seek an extension prior to the deadline. Based on Chea's actions, this Court finds no good cause to relieve Chea of the consequences of her failure to timely file her discovery responses. However, the Court in its discretion will not impose waiver of Chea's objections based on privilege and work product, or her objections to Interrogatory 9. *See Liguori v. Hansen*, 2012 WL 760747, at *14 (D. Nev. Mar. 6, 2012).

### B.   Adequacy of Chea's Responses to Interrogatories 7 and 8

Chea objects that she cannot answer Best Buy's Interrogatories 7 and 8 because the term "occupation" is "vague, unintelligible, and ambiguous." This objection is now moot, given Chea's failure to timely respond to Best Buy's discovery requests. Even if it were not moot, the Court finds that the term "occupation" as used in Best Buy's interrogatories is not objectionable. Chea gives no reason why she cannot provide a "good faith interpretation" in response to these interrogatories, as she did for Interrogatory 6, which similarly asks about clothing items worn "within the occupation(s) specified" in Chea's response to Interrogatory 5. Chea must fully respond to Best Buy's Interrogatories 7 and 8.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Chea's objections to Best Buy's first set of interrogatories and second set of document requests are waived, except as to privilege and work product protection, and except as to any other objections to Interrogatory 9. IT IS FURTHER ORDERED that, within five days of the date of this Order, Chea shall remove all waived objections and provide complete responses to Best Buy's first set of interrogatories and second set of document requests.

1     **IT IS SO ORDERED.**

2   Dated: March 10, 2015

3   _____
4   HAYWOOD S. GILLIAM, JR.
    United States District Judge

3